UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANN TREBOUX, <br><br> Plaintiff, <br><br> -against- <br><br> ANNE TRICKEY, GOING BY JEFF WENTZEL, an individual; aka MX. ANNE TRICKEY, <br><br> Defendant. | 19-CV-4595 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Ann Treboux, appearing *pro se* and *in forma pauperis*, brings this action under the Copyright Act, 17 U.S.C. § 501. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

A. **This Complaint**

Plaintiff brings this action against "Anne Trickey, aka Mx. Anne Trickey, going by Jeff Wentzel, an individual." The complaint contains the following allegations. Plaintiff is an artist who shares her "multi-media art pieces and photographs online: www.anntreboux.com."[1] Defendant is "known for plagiarizing and illegally selling the work of multiple artists." Defendant has, without permission, published images of Plaintiff's paintings on various websites, including "Internet Archive, archive.org," www.sanfranciscoartscommission.com, and Pinterest. The images have been taken down after Plaintiff sent Digital Millennium Copyright Act (DMCA) requests to these sites, but Defendant continues to post images of Plaintiff's artwork without her permission. Plaintiff "filed for a Federal Copyright regarding the three images stolen and used by [Defendant] on January 24, 2019." (ECF No. 2 ¶13.) Plaintiff does not state that her copyright has been validly registered.

Defendant has been harassing Plaintiff for the last twenty years, through telephone calls and emails to her and her family, and by posting the stolen images on social media platforms. In June 2018, Defendant assaulted Plaintiff while she was "on her way to work, and a 'permanent workplace restraining order was issued against" Defendant in October 2018. Defendant assaulted another artist, Marc Tetro, who "has refused to allow for his images to be used by" Defendant."[2]

---

[1] There does not appear to be a valid website at that internet address.

[2] Tetro, through counsel, paid the fee to bring a copyright infringement action against Plaintiff in this Court. *See Tetro, Inc. v. Treboux*, No. 19-CV-2691 (PKC) (S.D.N.Y. Mar. 29, 2019) (issuing electronic summons). Tetro alleges that Plaintiff has been selling merchandise bearing his copyrighted images in San Francisco and New York, and he claims that Plaintiff has two aliases, Paula Datesh and Jeff Wentzel.

Plaintiff alleges that this Court has personal jurisdiction over Defendant because Defendant "has a registered PO Box in New York," and that venue is proper here because "a substantial part of the events giving rise to the claims" occurred and continue to occur in this District. Plaintiff seeks money damages and an order enjoining Defendant from harassing her or using her images.

**B.      Complaint filed by Anne Trickey**

On February 1, 2019, Anne Trickey filed a substantially similar *pro se* copyright infringement complaint against Plaintiff, "aka Datesh, aka Wentzel," in the United States District Court for the Northern District of California. *See Trickey v. Treboux*, No. 19-CV-583 (N.D. Cal. Mar. 20, 2019) (dismissing complaint without prejudice for failure to pay filing fee). It is readily apparent that Plaintiff's complaint and the one Trickey filed in the Northern District of California were written by the same person. By way of example, paragraph eight of Plaintiff's complaint in this Court begins:

> Jeff Wentzel and jeff.wentzel@aol.com are a name and email address first used by Trickey on November 2, 2017 to contact Treboux to request images of paintings for sale on her website. Trickey has a long history of using different names to sow confusion, as well, as legally changing her name and gender to avoid association with her/his criminal history.

(No. 19-CV-4595 (S.D.N.Y.) (ECF No. 2 ¶ 8.)

Paragraph 8 of the Northern District of California complaint reads:

> Jeff Wentzel and jeff.wentzel@aol.com are a name and email address first used by Treboux on November 2, 2017 to request public records through the San Francisco City & Country records request process. Treboux has a long history of using different names to sow confusion, as well as legally changing their name to avoid association with their criminal history.

((No. 19-CV-583 (N.D. Cal.) (ECF No. 1 ¶ 8.)

3

# DISCUSSION

**C.     Copyright Claim**

   1.    The Merits

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.,* 499 U.S. 340, 361 (1991); *see also Matthew Bender & Co. v. W. Pub. Co.,* 158 F.3d 674, 679 (2d Cir. 1998).

Section 411(a) of the Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."[3] 17 U.S.C. § 411(a). Thus, unless certain exceptions apply, copyright registration is a condition that a plaintiff "must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010); *see also Newton v. Penguin/Berkley Publ'g USA*, No. 13-CV-1283 (CM), 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) ("The Supreme Court has held that this provision imposes a 'precondition' to filing a claim for copyright infringement."); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-CV-2669 (LAP), 2012 WL 1021535, at *2 (S.D.N.Y. Mar. 26, 2012) (noting that § 411(a) imposes a "necessary precondition" to a copyright action); *Home & Nature, Inc. v. Sherman Specialty Co., Inc.*, 322 F.

---

[3] Although registration with the United States Copyright Office is not required to obtain copyright protection, *see* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection"), registration *is* a precondition for bringing an infringement action in federal court, *see id.* § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (holding that the Copyright Act's registration requirement is a precondition to filing a copyright infringement claim rather than a restriction on the federal court's subject-matter jurisdiction).

Supp. 2d 260, 266 (E.D.N.Y. 2004) (noting that alleging copyright registration is pleading requirement).

Plaintiff's complaint indicates that she submitted an application with the Copyright Office on January 24, 2019. She does not state that she has received a certification of registration from the Copyright Office for her artwork. Accordingly, the facts alleged fail to state a copyright infringement claim.

2. Venue and Personal Jurisdiction

Copyright infringement claims must be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 n.2 (2013). Courts have found that a defendant "may be found [for purposes of § 1400(a)] in any district in which he is subject to personal jurisdiction." *Boehm v. Zimprich*, No. 13-CV-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y. Dec. 13, 2013) (collecting cases).

Additionally, courts in this District have determined personal jurisdiction for the purpose of copyright infringement claims by looking to New York State's long-arm statute, New York Civil Practice Law and Rules § 302, which, among other things, permits personal jurisdiction over a "non-domiciliary . . . who . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." N.Y.C.P.L.R. § 302(a)(1); *see Boehm*, 2013 WL 6569788, at *2; *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd*, 71 F.3d 464 (2d Cir. 1995).

Plaintiff alleges that Defendant, a California resident, maintains a "P.O. Box" here, and that a "substantial part of the events" occurred here. On these facts, Plaintiff has failed to show that venue for a copyright claim is proper here, or that this Court has personal jurisdiction over Defendant.

5

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

In addition, it is problematic that Plaintiff's complaint is substantially similar to one that was previously filed, purportedly by Defendant in another court, and leads the Court to question the merits of this action. Plaintiff is warned that a litigant who engages in duplicative or frivolous litigation may face a filing injunction or other sanction. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 14, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge