```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ANN TREBOUX,<br><br>                Plaintiff,<br><br>-against-<br><br>ANNE TRICKEY,<br><br>                Defendant. | 19-CV-4595 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

      This copyright infringement action, which was filed *pro se* and *in forma pauperis* (IFP), was opened on May 17, 2019. The complaint shows the plaintiff to be Ann Treboux, and the defendant to be "Anne Trickey, aka Mx. Anne Trickey, going by Jeff Wentzel." Plaintiff alleged that Defendant had been harassing her through telephone calls and emails, and by posting on social media platforms stolen images of Plaintiff's artwork. The complaint further alleged that Trickey had assaulted another artist, Marc Tetro, because he refused to allow Trickey to use images of his artwork.

      On June 14, 2019, the Court dismissed the complaint for failure to state a claim. That order noted that Anne Trickey had filed a virtually identical *pro se* copyright infringement complaint against Plaintiff in the United States District Court for the Northern District of California, *see Trickey v. Treboux*, No. 19-CV-583 (N.D. Cal. Mar. 20, 2019) (dismissing complaint without prejudice for failure to pay filing fee), and that it was clear that the same person had written both complaints. The Court warned Plaintiff that a litigant who engages in duplicative or frivolous litigation may face a filing injunction or other sanction. *See* 28 U.S.C. § 1651.

The Court also noted in the order of dismissal that Marc Tetro had paid the fee to bring a counseled, copyright infringement action in this District against Plaintiff. *See Tetro, Inc. v. Treboux*, No. 19-CV-2691 (PKC) (S.D.N.Y. filed Mar. 29, 2019) (pending complaint alleging that Anne Treboux, who has two aliases, Paula Datesh and Jeff Wentzel, had sold Tetro's copyrighted images without permission).

Plaintiff now moves to seal "the above case and all documents," alleging that she "did not file this case," and that she "found out" about the California case by "googling [her] name." Plaintiff further states that she doesn't "know this Anne Trickey, but I have a pending case at the California Court of Appeal, 1st district over an alleged 'assault' that Trickey claimed I made on her. Case: A15666."

> I am requesting that this case be sealed because Judge Castel screamed at me in court on December 4, 2019. In addition to accusing me of, "hacking a government website" (he did not name the web site name), he mentioned this case. I asked him to read your entire opinion. He seemed uninterested. He then banned me from calling chambers. I am asking you to issue an order to seal this case. Each time I make an application for an apartment, I am denied, when I apply for a job, I am denied. My daughter is harassed at school.

(ECF Doc. 7.)

According to Plaintiff, the docket of this case "appears on various legal web sites," including leagle.com and newyorklawjournal.com, and plainsite.com, and she "cannot remove them." (*Id.*)

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, however, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and

2

circumstances of the particular case." *Nixon*, 435 U.S. at 598-99. A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *Lugosch*, 435 F.3d at 119-20. First, the court must determine whether the documents are indeed "judicial documents," to which the public has a presumptive right of access. *Id.* at 119. The documents must be "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation marks and citation omitted). Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo*, 71 F.3d at 1049. Finally, the court must "balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (quotation marks and citation omitted).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). A litigant's concerns that information contained in court documents will bring her adverse publicity or negatively impact her are insufficient reasons for a court to seal documents.

*See Bernsten v. O'Reilly*, No. 17-CV-9483 (DAB), 2018 WL 1615840, at *5-6 (S.D.N.Y. Apr. 3, 2018) (collecting cases); *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008).

The Court concludes that the circumstances here are not sufficiently extraordinary to outweigh the presumption in favor of public access to court records. In any event, Plaintiff is a party to other litigation, including the matter pending in this District and in the California state court, and the closed case in the Northern District of California. Even if the Court sealed this docket, the information about this case appearing on other public websites, and the dockets of the other cases to which Plaintiff is a party, remain a matter of public record. The motion to seal is therefore denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The motion to seal is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 20, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge